UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-62486-CIV-O'SULLIVAN

[CONSENT CASE]

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GERALD KLAPPER,

    Defendant
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law (DE # 37, 6/28/16). The undersigned ordered the defendant to file a response to this motion on or before July 14, 2016. As of the date of this Order, no response from the defendant appears on the docket in this matter. Having received no response from the defendant and having carefully considered the motion, the undersigned enters the following Order.

## BACKGROUND

On November 24, 2015, the plaintiff filed a Complaint in this matter (DE # 1, 11/24/15) against the defendant, Gerald Klapper, alleging that the defendant failed to pay a student loan.

On May 17, 2016, the Court issued an Order entering a default against the defendant. (DE # 29, 5/17/16). On June 7, 2016, this Court entered Default Final Judgment in favor of the plaintiff and against the defendant, Gerald Klapper. (DE # 36, 6/7/16). In the Default Final Judgment, the Court retained jurisdiction to enter

attorney's fees and costs pursuant to S. D. Fla. R. 7.3(9).  (DE # 36, 6/7/16).

On June 28, 2016, the plaintiff filed the Plaintiff's Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law (DE # 37, 6/28/16).  The plaintiff asserts it is entitled to fees and costs pursuant to the contract between the plaintiff and the defendant (the promissory note), 34 C.F.R. § 682.410(b)(2), and 20 U.S.C. § 1071 et seq. (Plaintiff's Motion for Attorney's Fees, DE # 37, 6/28/16, at p. 1).

On June 30, 2016, the undersigned entered an Order (DE # 38, 6/30/16) requiring the defendant to file a response to the plaintiff's Motion for Fees and Costs on or before July 14, 2016.  In the Order dated June 30, 2016, the defendant was warned that the failure to file a response to the plaintiff's motion may result in an Order granting the plaintiff's motion in its entirety.  As of the date of this Order, there is no response on the docket filed by the defendant to the plaintiff's Motion for Fees and Costs.[1]

As noted in the undersigned's June 30, 2016, Order, Rule 7.1(c) of the Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days afer service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default.**

S.D. Fla. L. R. 7.1(c) (emphasis added).

---

[1] On July 1, 2016, the United States filed a Notice (DE # 39) that attached an e-mail dated June 27, 2016, sent by the defendant to counsel for the United States.  The e-mail indicates that the defendant believes that the amount of time the plaintiff's counsel spent on this case was not reasonable.

**ANALYSIS**

I. Attorney's Fees

    A. Entitlement to Attorney's Fees

The plaintiff requests fees "pursuant to the contract which provides that if the Defendant fails to make any payment when due, the Defendant will pay for all charges, including attorney's fees and court costs, that are permitted by federal law and regulations for the collection of the amounts due." (Plaintiff's Motion at p. 1). The plaintiff also notes that "34 C.F.R. Sec. 682.410(b)(2) provides for the taxation of 'reasonable' attorneys' fees in favor of the 'guaranty agency' in federal student loan default cases." Id. In this matter, "the Department of Education is the guaranty agency which paid the holder on the default claim and received assignment of the loan." Id. The plaintiff also states that under the Higher Education Act of 1965 a defaulted student loan borrower is required to pay reasonable collection costs. Id. Default Final Judgment was entered in this matter in favor of the plaintiff on June 7, 2016, (DE # 36, 6/7/16) making the plaintiff the prevailing party. The undersigned finds that the plaintiff should recover fees and costs as the prevailing party under the contract, 34 C.F.R. Sec. 682.410(b)(2), and the Higher Education Act of 1965.

    B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees and costs incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award. The lodestar method governs the process for determining attorneys' fees. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Under Federal law, in calculating the loadstar, the

court must first consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum that is the lodestar figure. Furthermore, a lodestar figure that is "based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993). Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888 (1984).

### 1. Reasonable Hourly Rate

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman, 836 F.2d 1292, 1299.  Courts have held that a reasonable hourly rate is to be measured by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger, 10 F.3d 776, 781, quoting Norman at 1299.  In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  Mallory

v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D. Ala. 1993).  The plaintiff seeks an award of attorneys' fees for the services provided by their attorney in the amount of $2,950.00 which is comprised of 11.80 hours at a rate of $250.00 per hour.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299.  Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  Norman, 836 F.2d at 1303 (citing Davis v. Board of School Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)).

The Court must consider the customary hourly fees charged in this community for similar services.  See Norman, 836 F.2d at 1299.  Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarly with attorneys and related fees in the Southern District of Florida, the undersigned finds that the hourly rate requested by the plaintiff is reasonable and the plaintiff should be awarded $250.00 per hour for the work performed.

### 2. Hours Reasonably Expended

The Court must next evaluate the reasonableness of the hours expended by the plaintiff's counsel in terms of the total hours expended.  A fee applicant must provide specific and detailed evidence to establish that the time for which compensation is sought was reasonably expended on the litigation.  ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  In the instant case, the plaintiff requests reimbursement for

a total of 11.80 hours.  The plaintiff supports the fee request by submitting an Affidavit for Attorneys Fees and Costs which outlines the tasks performed and the hours spent on those tasks.  The requested number of hours is reasonable for this litigation, and the plaintiff should be awarded 11.80 hours at a rate of $250.00 per hour for a total of $2,950.00 in attorney's fees.

II. Costs

## II. Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the Federal Rules, or a court order provide otherwise.  See Fed.R.Civ.P. 54(d)(1).

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) . . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir.1995)).  A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs.  See E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000).  However, absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See Id. at 620; Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The Court entered default judgment in favor of the plaintiff in this case, and accordingly, the plaintiff prevailed.  The plaintiff is entitled to receive all costs recoverable under 28 U.S.C. § 1920.  "[T]he losing party bears the burden of demonstrating that a cost is not taxable unless the knowledge regarding the proposed costs is within the exclusive knowledge of the prevailing party."  Monelus v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009).  The defendant did not file a response to the instant motion.

The plaintiff requests a total of $35.00 in costs for a process server fee. These costs are permitted under 28 U.S.C. § 1920(1).  "Private process server fees may be taxed."[2]  *W&O*, 213 F. 3d at 624.  The defendant did not file a response to the plaintiff's motion for fees and costs, and therefore, the defendant does not object to these requested costs.  The plaintiff is entitled to this cost under the authorities listed above, and the cost is reasonable.  Accordingly, the undersigned awards the plaintiff the requested $35.00 cost in this category.

---

[2]  The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

## **CONCLUSION**

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law (DE # 37, 6/28/16) is **GRANTED**. The plaintiff is awarded **$2,950.00** in attorney's fees and **$35.00** in costs for a total award of **$2,985.00**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 15th day of July, 2016.

                                                                              _____
                                                                              JOHN J. O'SULLIVAN
                                                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record

Gerald Klapper, *pro se* defendant
1278 NW 171 Terrace
Pembroke Pines, FL 33028